OFFICERS Service by a City Councilman or School Board member as a voluntary fireman does not constitute a dual-office holding under 51 O.S. 6 [51-6] (1971) in that a volunteer fireman is not an officer within the meaning of said section. Service by a City Councilman as a volunteer fireman is not per se in conflict with the provisions of 62 O.S. 371 [62-371] (1971). The Attorney General has considered your request for an opinion in which you ask, in effect, the following questions: "1. May an individual who is a member of a volunteer fire department serve as a City Councilman or a member of a School Board ? 2. If so, may he be reimbursed for expenses incurred while serving in the capacity of a volunteer firefighter?" The position of a volunteer firefighter is not a state office as contemplated under the provisions of 51 O.S. 6 [51-6] (1971). See Attorney General's Opinion, March 28, 1946. Therefore, there is no violation of the dual office-holding prohibition contained therein, by reason of a volunteer firefighter serving on a City Council or a School Board. The question then becomes, would there be a conflict of interest created by reason of a volunteer firefighter serving as a member of a City Council or School Board. Title 62 O.S. 371 [62-371] (1971) provides as follows: "No Board of County Commissioners, nor City Council, nor Board of Trustees of any township, or town, nor any District Board of any School District in this State shall make any contract with any of its members, or in which any of its members shall be directly or indirectly interested; and all such contracts made in violation of this Section shall be wholly void." 62 O.S. 372 [62-372] provides for the civil liability of members of a governing body violating 62 O.S. 371 [62-371]. There are three areas of concern regarding volunteer firefighters serving as members of the City Council. The first area deals with the appropriation of funds by the City Council to pay volunteer firefighters for their services in that capacity. We have been advised that the procedure followed by most cities having volunteer fire departments is to authorize payment to such firefighters of "run money." "Run money," as the term is usually employed, is a liquidated sum varying in amount from town to town, paid on a per-call basis regardless of the amount of actual expense incurred by each member of the department on the run. The purpose of "run money," however, is to reimburse members of the volunteer fire department for expenses incurred as a result of such service. Considering the difficulty involved in calculating the actual expenses incurred, the choice of this method, that is, the liquidated expenses method, is reasonably calculated to compensate individuals for expenses incurred through service as a volunteer firefighter. It should be noted that the Mayor and Councilmen of a city are entitled to be reimbursed for expenses incurred by reason of their service to the community. See 11 O.S. 961.4 [11-961.4] and 11 O.S. 962.7 [11-962.7] (1971). Both those statutes provide that the Mayor or Councilman of a city may not receive additional compensation, although they may cover expenses. Therefore, so long as the "run money" is reasonably calculated to reimburse for expenses rather than to provide additional compensation to the members of the volunteer fire department, the Councilman would not be violating the provisions of 11 O.S. 371 [11-371] (1971) by accepting "run money." Another area of concern regarding possible conflict of interest is in the area of pension payments payable to retired volunteer firefighters. Title 11 O.S. 345 [11-345] (1976) provides: "Members of regularly constituted fire departments in cities and towns of Oklahoma, whether volunteer or part-time or full-time members, who have been retired therefrom as provided by law or who have been separated from the fire department, after twelve (12) years' service, by reason of the nepotism statutes of the State of Oklahoma may hereinafter be entitled to a pension of not less than Fifty Dollars ($50.00) per month or a larger amount per month when the pension fund of said city or town is sufficient for that purpose, if approved by the Firemen's Pension Board of said fire department. Further, all retired volunteer firefighters who are now or who may hereafter be retired shall be entitled to a monthly pension. Said pension shall be in the amount of eight percent (8%) of the average beginning monthly salary of regular, full time, permanent firefighters in cities and towns of Oklahoma who have in their employ three or more such regular fully paid firefighters, a larger amount per month may be paid said retired volunteer firefighters from the supplemental funds of any city or town if approved by the firemen's pension board of the city or town; provided further, that all retired volunteer firefighters who, after the effective date of this act shall be retired, shall be entitled to have their pensions increased by one-twentieth (1/20) of the usual pension for each full year served as members of a department in excess of twenty (20) years, but not to exceed thirty (30) years of service; provided further, that all cities and towns which have in their employ three or more fully paid regular and permanent firefighters shall report on that report known as `Departmental Filing' to the State Insurance Commissioner on January 1 of each year the beginning monthly salary paid to such regular firefighters in that city or town; and provided further, that the monthly pension shall be adjusted once each year on July 1." The participation of the City Council in matters of pension payments to retired volunteer firefighters is limited to the appropriation of funds to the pension fund of the city or town. Although it is recognized that the statutory pension payment may be increased by the use of the supplemental funds of the city or town if approved by the Firemen's Pension Board, this fact does not raise a conflict of interest per se when a member of a City Council is also a volunteer firefighter. It cannot be said that an active volunteer firefighter has such an interest in pension payments to retired volunteer firefighters to constitute a conflict of interest as contemplated by the conflict of interest statute. The final area of concern is the area of workmen's compensation. Title 85 O.S. 2 [85-2] (1971) provides that compensation, as contemplated under the Workmen's Compensation Act, shall be payable to persons in specified hazardous employments including members of a fire department of any incorporated city or town. Title 11 O.S. 16.3 [11-16.3] (1976) authorizes the governing body of each city to carry Workmen's Compensation Insurance on its employees engaged in work which would be a "hazardous occupation" within the meaning of the Workmen's Compensation Act if carried on by a private employer as a business for profit. That Act further provides that the cities are authorized to qualify as self-insurers in accordance with Title 85 O.S. 61 [85-61], of the Oklahoma Statutes. Since the volunteer firefighter is entitled to workmen's compensation coverage by state statute, it cannot be said that there is a per se conflict of interest by reason of a volunteer firefighter serving as a member of the City Council. With regard to a volunteer firefighter serving as a member of a School Board, there is no conflict of interest. A School Board is not obligated by statute to enter into any contracts with volunteer firefighters. Nor would it ordinarily be expected that a School Board would enter into any contract which would be of any direct or indirect interest to a firefighter. It must be remembered that this opinion does not negate the possibility that a contract could come before a City Council or a School Board in which a member of that Council or Board, who is also a volunteer firefighter, could have an interest, direct or indirect. In such a situation, the general conflict of interest statute would apply and the governing body could take no action while the conflict exists. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Service by a City Councilman or School Board member as a volunteer fireman does not constitute a dual-office holding under 51 O.S. 6 [51-6] (1971) in that a volunteer fireman is not an officer within the meaning of said section. Service by a City Councilman as a volunteer fireman is not per se in conflict with the provisions of 62 O.S. 371 [62-371] (1971). (Dual Office Holding) (MICHAEL CAUTHRON) ** SEE: OPINION NO. 89-599 (1989) (UNPUBLISHED) **